UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　　　*Plaintiff-Appellee,*

v.

JESUS DURAN-LARA, a/k/a Juan Diaz-
Meraz,

　　　　　　*Defendant-Appellant.*

No. 01-4242

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-00-188)

Submitted: August 10, 2001

Decided: August 29, 2001

Before MICHAEL and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Steven H. Levin, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Duran-Lara appeals his conviction and seventy-four month custodial sentence for conspiring to possess, and possessing with intent to distribute, 839.16 kilograms of marijuana in violation of 21 U.S.C.A. §§ 846, 841 (West 1981 & Supp. 2000). A jury convicted Duran-Lara of participating in a conspiracy by assisting in the unloading of twenty-one boxes containing marijuana transported from Mexico to North Carolina by tractor trailer. On appeal, Duran-Lara challenges the sufficiency of the evidence against him and the validity of his conviction in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). For the following reasons, we affirm.

In reviewing the sufficiency of evidence underlying a conviction, we ascertain only whether the evidence was sufficient for any rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. *See United States v. Young*, 248 F.3d 260, 273 (4th Cir. 2001) (quotation omitted). Although the evidence implicating Duran-Lara in the conspiracy charged is largely circumstantial, we find this evidence is in the aggregate sufficient to sustain his conviction. As a preliminary matter, we note that the existence of a conspiracy may be inferred from circumstantial evidence, and that such evidence "need not exclude every reasonable hypothesis of innocence, provided the summation of the evidence permits a conclusion of guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 858 (4th Cir. 1996) (en banc). Moreover, once established, "even a slight connection between a defendant and the conspiracy is sufficient to include him in the plan." *Id.*

Considering the evidence presented at trial in this light, we find the Government sustained its burden with respect to the elements of the conspiracy charged; specifically, that: (1) an agreement existed between two or more people to engage in unlawful conduct; (2)

Duran-Lara knew of that conspiracy; and (3) Duran-Lara knowingly and voluntarily participated in the conspiracy. *See id.* at 857. At trial, two co-conspirators testified as to the existence of the conspiracy to import marijuana from Mexico to Greensboro. Furthermore, testimony indicated that several bricks of marijuana had spilled from an unsealed box before the box was off-loaded from a tractor trailer by Duran-Lara and others, and that a strong odor of marijuana was present in the shed to which Duran-Lara helped transfer the twenty-one box shipment of marijuana. Those facts, considered together with Duran-Lara's subsequent attempt to avoid a uniformed officer, *see United States v. Obi*, 239 F.3d 662, 665 (4th Cir. 2001); (JA 95), provide a sufficient evidentiary basis to sustain the inference that Duran-Lara was aware he was assisting in a conspiracy to distribute marijuana in violation of § 846.

In light of this basis for inferring Duran-Lara's awareness of the conspiracy prior to the termination of his involvement in it, we find his reliance on *United States v. Martinez*, 83 F.3d 371 (11th Cir. 1996) unpersuasive. *See id.* at 374 (invalidating a conspiracy conviction predicated on the defendant's mistaken understanding of the conspiracy's purpose where there was no way the defendant could have become aware of his error).

Furthermore, because there is a sufficient basis for sustaining Duran-Lara's conviction as to the conspiracy count, we find the evidence against him to be equally sufficient with respect to the substantive charge in the indictment. Two of Duran-Lara's co-conspirators testified that the conspiracy's supplier, Julian Perez-Carrillo, arranged to make the shipment of marijuana, and thus constructively possessed the marijuana within the meaning of § 841. *See United States v. Morrison*, 991 F.2d 112, 114 (4th Cir. 1993). Based on the quantity of marijuana being transported, Perez-Carrillo's intent to distribute it may be inferred. *See United States v. Rusher*, 966 F.2d 868, 878 (4th Cir. 1992). Accordingly, because Duran-Lara is substantively liable for the foreseeable criminal conduct of Perez-Carrillo as a result of his participation in the conspiracy, see *United States v. McHan*, 101 F.3d 1027, 1043 (4th Cir. 1995) (citing *Pinkerton v. United States*, 328 U.S. 640 (1946)), and there is sufficient evidence to implicate him in the conspiracy, that evidence is sufficient to sustain Duran-Lara's conviction as to the substantive count charged also.

Finally, we reject Duran-Lara's contention that the district court's instruction to the jury concerning its obligation to determine the quantity of drugs involved was erroneous in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *United States v. Angle*, 254 F.3d 514, 518 (4th Cir. 2001) (en banc), we recently held that sentences falling within the statutory maximum do not implicate *Apprendi* concerns. Because Duran-Lara's seventy-four month sentence is well below the statutory maximum of § 841(b)(1)(C), *see id.*, we find this assignment of error to be meritless.

We therefore affirm Duran-Lara's conviction and sentence, and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*