CORRIGAN, District Judge,
concurring:
I concur in the Court’s holding that, giving the government’s evidence every benefit of the doubt, there was sufficient evidence to support the jury’s verdict. I also agree that the jury was free to disbelieve the defendant’s denial of criminal intent. See United States v. Brown, 53 F.3d 312 (11th Cir.1995). However, I regard the Court’s discussion of Brown concerning the use of the defendant’s denial of guilt as substantive evidence of guilt as dicta and potentially problematic.
In United States v. McCarrick, 294 F.3d 1286 (11th Cir.2002), decided seven years after Brown, the Court, in holding that there was insufficient evidence to support the jury’s verdict notwithstanding that the defendant testified and denied guilt, explained: “Our cases since Brown have reiterated the government’s fundamental obligation to establish its case-in-chief.” See id. at 1293 (citing United States v. Rudisill, 187 F.3d 1260, 1268 (11th Cir.1999); United States v. Martinez, 83 F.3d 371, 374 (11th Cir.1996); United States v. Mejia, 82 F.3d 1032, 1038 (11th Cir.1996)).
In my view, it remains unclear in the Eleventh Circuit when negative inferences from a defendant’s denial of guilt can be used by an appellate court to remedy an otherwise deficient government case. Both Brown and McCarrick indicate that such negative inferences can become positive evidence of guilt, but only where there is “some corroborative evidence of guilt.” How much corroborative evidence is necessary, short of evidence establishing guilt beyond a reasonable doubt? Neither Brown nor McCarrick answer that question. Other courts have recognized this problem and have held that an appellate court may not affirm “on the supposition that the defendant’s demeanor filled the gap in the government’s proof’ lest appellate review concerning the sufficiency of the evidence become meaningless in cases where the defendant testifies and denies guilt. See United States v. Zeigler, 994 F.2d 845, 845-46 (D.C.Cir.1993); see also, United States v. Sliker, 751 F.2d 477 (2d Cir.1984); but see United States v. Zafiro, 945 F.2d 881, 888 (7th Cir.1991)(holding that a defendant’s denial of guilt can become evidence of guilt to add to the other evidence). McCarrick, with its emphasis on the government’s fundamental obligation to prove its case, seems to accord more with this view. However, because it is unnecessary to the result in this case to face this question, I would not do so.