[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 28, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13243
Non-Argument Calendar

_____

D. C. Docket No. 04-00367-CR-T-30-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THEARTIS DANIELS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 28, 2007)**

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Theartis Daniels appeals his convictions for conspiracy to possess with

intent to distribute cocaine, 21 U.S.C. § 846, and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c). Daniels argues that the evidence was insufficient for a reasonable jury to conclude that Daniels knew of the conspiracy to rob a stash house of eight to ten kilograms of cocaine and intended to participate in it. We affirm.

"We review a defendant's challenge to sufficiency of the evidence de novo." United States v. Klopf, 423 F.3d 1228, 1236 (11th Cir. 2005). We "view the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor." United States v. Martinez, 83 F.3d 371, 373-74 (11th Cir. 1996).

"To convict a defendant for conspiracy under 21 U.S.C. § 846, the evidence must show (1) that a conspiracy existed, (2) that the defendant knew of it, and (3) that the defendant, with knowledge, voluntarily joined it." United States v. Perez-Tosta, 36 F.3d 1552, 1557 (11th Cir. 1994). A defendant can be guilty of conspiracy even though the defendant only played a minor role and was not aware of "all the details of the conspiracy." Id. "The test for sufficiency of evidence is identical regardless of whether the evidence is direct or circumstantial, and 'no distinction is to be made between the weight given to either direct or circumstantial evidence.'" United States v. Mieres-Borges, 919 F.2d 652, 656-57 (11th Cir.

2

1990) (quoting United States v. Gonzalez, 719 F.2d 1516, 1521 (11th Cir. 1983)).

Daniels argues that the district court erred in denying his motion for judgment of acquittal because no evidence introduced at trial showed that he knew of the existence of the conspiracy or agreed to participate in it, but we disagree. The government presented substantial evidence from which the jury could have concluded that Daniels was a knowing and voluntary member of the conspiracy. First, the government presented the testimony of an undercover agent, who testified that he asked Daniels if they would split the proceeds of the robbery evenly and heard Daniels reply "yeah." The undercover agent also testified that he told Daniels there were eight to ten bricks in response to which Daniels said nothing, giving rise to an inference that Daniels understood the meaning of the agent. Second, the government presented the testimony of Daniels's codefendant Timothy Williams, who testified that Daniels was a knowing participant in the conspiracy and that Williams was carrying a firearm for use in the conspiracy. Although Williams had testified at a previous hearing that Daniels did not know anything about the conspiracy, the jury was free to credit the testimony of Williams that he had lied at the previous hearing. We will not disturb the credibility findings of the jury. See United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002). Third, Daniels testified in his defense that he did not know anything about

3

the conspiracy, he did not hear the police sirens when he fled, and he did not see the police vehicle before he crashed into it. The jury was free to disbelieve Daniels's testimony and consider that testimony as substantive evidence of guilt. United States v. Brown, 53 F.3d 312, 315 (11th Cir. 1995). This deference to the findings of the jury is especially appropriate "where the elements to be proved for a conviction include highly subjective elements: for example, the defendant's intent or knowledge." Id.

Daniels's convictions are

**AFFIRMED.**