[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 20, 2007
THOMAS K. KAHN
CLERK

No. 07-10022
Non-Argument Calendar

_____

D. C. Docket No. 05-00022-CV-2

JENNIE ELLIOTT,

Plaintiff-Appellant,

versus

FLYING J., INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(July 20, 2007)**

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Jennie Elliott appeals from an adverse judgment after a jury trial in her suit

to recover unpaid overtime compensation.  On appeal, Elliott argues that there was insufficient evidence to support the judgment, that the district court charged the jury incorrectly on the standard of proof, and that the district court erroneously granted Flying J's  motion in limine.

Turning to Elliott's first argument, it is clear that we are precluded from deciding it because she did not renew her motion for Judgment as a Matter of Law after the jury returned the verdict.   As the Supreme Court in <u>Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.</u>, 546 U.S. 394, 126 S.Ct. 980, 163 L.Ed.2d 974 (2006), explained,

> the preverdict motion cannot form the basis of [the appellant]'s appeal because the denial of that motion was not in error. It was merely an exercise of the [d]istrict [c]ourt's discretion, in accordance with the text of the Rule and the accepted practice of permitting the jury to make an initial judgment about the sufficiency of the evidence.

546 U.S. at __, 126 S.Ct. at 988-89.  The Court emphasized the necessity of filing a postverdict motion, holding that the "[d]etermination of whether a new trial should be granted or judgment entered under Rule 50(b) calls for the judgment in the first instance of the judge who saw and heard the witness and has the feel of the case which no appellate printed transcript can impart." <u>Id.</u> at __, 126 S.Ct. at 985-86 (citation omitted).  Therefore, we must affirm on this issue.

Elliott's second argument is that the district court erred when it instructed

2

the jury that it must find Elliott was an executive by a preponderance of the evidence. Elliott argues that the proper standard required Flying J to show that she fit plainly and unmistakably within the terms of the executive exception.

Elliott failed to timely object to the instructions below. Because she did not object below, we review for plain error. See United States v. Massey, 89 F.3d 1433, 1442 (11th Cir. 1996) (failure to object to jury instructions reviewed for plain error). Under plain error review, we may not correct an error the defendant failed to raise in the district court unless there is: "(1) error, (2) that is plain, and (3) that affects substantial rights." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (quotation marks omitted). If all three conditions are met, we may then exercise our discretion to notice a forfeited error, but only if "(4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation marks omitted).

Here, the district court took the instructions from the Eleventh Circuit Pattern Jury Instructions for Fair Labor Standards Acts suits. Plain error is, by its terms, error which is so obvious and substantial that it should not have been permitted by the trial court even absent the defendant's timely assistance in detecting it. See United States v. Martinez, 83 F.3d 371, 376 (11th Cir. 1996). For it to be "plain," the error must either have been clear under the law at the time the

3

error was made, or clearly contrary to the law at the time of the appeal. United States v. Mitchell, 146 F.3d 1338, 1342-43 (11th Cir. 1998). Elliott has not pointed to any cases that have held that the pattern jury instructions are erroneous; rather, she points to a decades-old Supreme Court case that holds the exemption must be construed strictly. This is not enough to amount to plain error, if there is error at all. Even if Elliott had objected in a timely manner, it would not have been an abuse of discretion for the district court to deny the objection because Elliott has not put forth any real argument about how the pattern instructions are erroneous.

Finally, Elliott argues that the district court should not have granted Flying J's motion in limine, which prevented her from putting on evidence that her salary was docked on days she was absent.

We review the grant of a motion in limine for abuse of discretion. Mercado v. City of Orlando, 407 F.3d 1152, 1156 (11th Cir. 2005). The district court determined that there were two instances when Flying J docked Elliott's pay. In both cases, she was out sick for the entire day and the court concluded that, under the regulations, Flying J was entitled to dock her pay. In the alternative, the court stated that Flying J fell within the "window of correction" exception because it paid back Elliott for the docked pay. Elliott has not challenged the district court's

4

finding that she fell under 29 C.F.R. § 541.602(b)(2), which allows deductions for full-day absences when the employee is under a plan that provides compensation for sick days. Elliott has not alleged or shown in any way that she was not under such a plan. Therefore it was not an abuse of discretion for the district court to grant the motion in limine.

AFFIRMED.[1]

---

[1] In light of our resolution, appellee's motion to dismiss the appeal is denied as moot.