[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 13, 2007
THOMAS K. KAHN
CLERK

----------------------------------------
No. 07-10365
Non-Argument Calendar
----------------------------------------

D.C. Docket No. 06-00183-CV-OC-10GRJ

PHILLIP ANTONIO OWENS,

                                        Petitioner-Appellant,

versus

BUREAU OF PRISONS,

                                        Respondent-Appellee.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
-------------------------------------------------------------------

**(November 13, 2007)**

Before EDMONDSON, Chief Judge, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Phillip Antonio Owens, a pro se federal prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus, 28 U.S.C. § 2241.[1] No reversible error has been shown; we affirm.

In his section 2241 petition, Owens argued that the Bureau of Prisons maintained inaccurate records on his term of imprisonment and that this claim could not be raised in a motion to vacate his sentence, 28 U.S.C. § 2255, because section 2255 did not encompass this allegation.[2] The district court determined that Owens did not meet the requirements of section 2255's savings clause and dismissed his habeas petition.

The availability of habeas relief under section 2241 presents a question of law that we review de novo. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000). Although collateral attacks on the validity of a federal sentence typically must be brought under 28 U.S.C. § 2255, a provision of section 2255 -- known as the savings clause -- permits a federal prisoner to file a habeas petition pursuant to

---

[1]Owens does not need a certificate of appealability to proceed in this appeal. See Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) (concluding that a federal prisoner proceeding under section 2241 does not need a certificate of appealability to appeal).

[2]In a memorandum of law filed to support his section 2241 petition, Owens explained that the district court had improperly sentenced him as a career offender because the district court erred in considering a misdemeanor offense when determining his career offender status.

28 U.S.C. § 2241 in limited circumstances. See Sawyer, 326 F.3d at 1365. The savings clause presents these words:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. The burden is on the prisoner to present evidence affirmatively showing the inadequacy or ineffectiveness of the section 2255 remedy. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

In Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999), we explained that the savings clause applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the prisoner was convicted of a "nonexistent offense"; and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first [section] 2255 motion." Id. at 1244. The savings clause only applies if the prisoner has satisfied all three elements. See id. This showing is significant because a prisoner does not "open the portal" to a section 2241 proceeding until he has demonstrated that the savings clause applies to him. See id. n.3. "Once the savings clause . . . applies to open the portal to a

3

[section] 2241 proceeding, the proper inquiry . . . will be whether the petitioner can establish actual innocence of the crime for which he has been convicted . . . ."

Id.

In this case, Owens has not satisfied the first element of the Wofford analysis because he has not demonstrated -- nor even alleged -- that his claim is based on a retroactively applicable Supreme Court decision. Because Owens has failed to satisfy this element, the savings clause does not apply to him.[3] The district court properly dismissed the petition.[4]

**AFFIRMED.**

---

[3]To the extent that Owens contends that the district court impermissibly recharacterized his section 2241 petition as a section 2255 motion to vacate his sentence without providing Owens with adequate notice of this act, we reject this claim. The district court did not construe Owens's petition as he has alleged; instead, the district court properly considered whether Owens could seek relief under 28 U.S.C. § 2241.

[4]Owens's motion to file his reply brief out of time is granted. But we decline to address the new arguments that are presented for the first time in his reply brief. See United States v. Martinez, 83 F.3d 371, 377 n.6 (11th Cir. 1996) (declining to consider arguments raised for the first time in a reply brief).