[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11475
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 3, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00088-CR-2-SLB-HGD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH GRAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 3, 2010)

Before EDMONDSON, BIRCH  and BARKETT, Circuit Judges.

PER CURIAM:

Kenneth Gray appeals his convictions for distributing crack cocaine, in

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  He challenges both the district court's denial of his motion for a mistrial and the denial of his motion for judgment of acquittal.

During trial, the government asked defense witness Antonio Rutledge: "Are you aware that the defendant was convicted of possession of marijuana?"  The court interjected and determined that the question was inadmissible.  Defense counsel then objected and moved for a mistrial.  The court denied the motion for a mistrial and gave the following curative instruction: "I am instructing you to disregard the last question of the government and not to draw an inference from it."  At the close of all the evidence,  the jury found Gray guilty on both counts.

## I.  Denial of Motion for Mistrial

Gray argues that the district court erred in denying his motion for a mistrial because the government asked an impermissible question during its cross-examination of Rutledge.  Gray maintains that the court's curative instruction did not alleviate the prejudice caused by the improper question.

We review a district court's refusal to grant a mistrial for an abuse of discretion.  *United States v. Trujillo*, 146 F.3d 838, 845 (11th Cir. 1998).  "The decision of whether to grant a mistrial lies within the sound discretion of a trial judge as he or she is in the best position to evaluate the prejudicial effect of

2

improper testimony." *United States v. Perez*, 30 F.3d 1407, 1410 (11th Cir. 1994). "When a curative instruction has been given to address some improper and prejudicial evidence, we will reverse only if the evidence 'is so highly prejudicial as to be incurable by the trial court's admonition.'" *Id.* (quoting *United States v. Funt*, 896 F.2d 1288, 1295 (11th Cir. 1990)).

In this case, the district court did not abuse its discretion by denying Gray's motion for a mistrial because the government's question was not incurably prejudicial. The district court prevented the witness from answering the question, handled the matter outside the presence of the jury, and then properly instructed the jury to disregard the question. Accordingly, the district court's immediate curative instruction was sufficient to mitigate any prejudice that may have resulted, and the court did not abuse its discretion by denying Gray's motion for a mistrial.

## II.  Sufficiency of the Evidence

Gray next argues that the district court committed reversible error by denying his motion for judgment of acquittal because the government failed to present sufficient evidence that he was the person who sold the cocaine to a confidential informant, Stephen Bell. Gray asserts that Bell was the only witness to the actual transaction, and Bell's testimony was not credible because he was granted probation based on his assistance to the government. Moreover, Gray

3

submits, Bell's testimony was incredible because he "asserted the Fifth Amendment when asked if he was still selling drugs at the time of the trial."

"Sufficiency of the evidence is a question of law reviewed *de novo*.  We, however, view the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor." *United States v. Martinez*, 83 F.3d 371, 373-74 (11th Cir. 1996) (internal citations omitted).  "In order to find the evidence sufficient, we need not exclude every reasonable hypothesis of innocence or find the evidence wholly inconsistent with every conclusion except that of guilt, provided that a reasonable factfinder could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Kelly*,  888 F.2d 732, 740 (11th Cir. 1989).  Credibility determinations are for the jury to make, and we typically will not review such determinations. *United States. v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994).  "The test for sufficiency of evidence is identical regardless of whether the evidence is direct or circumstantial, and no distinction is to be made between the weight given to either direct or circumstantial evidence." *United States v. Mieres-Borges*, 919 F.2d 652, 656-57 (11th Cir. 1990) (internal quotations omitted).  In order to convict a defendant of distribution of cocaine, the government must prove that the defendant "knowingly or intentionally . . . distribute[d] . . . a controlled substance."  21 U.S.C.

4

§ 841(a)(1).

Here, the evidence was sufficient to convict Gray of two counts of distributing cocaine. First, Bell testified that Gray sold him the drugs, and "all reasonable inferences and credibility choices are viewed in the light most favorable to the government." Despite Gray's contention to the contrary, Bell's testimony – corroborated by multiple exhibits and the testimony of multiple law enforcement officers – was not incredible as a matter of law. Several detectives described in great detail the surveillance measures that were used to record what happened at the controlled drug purchases. Thus, there was a sufficient basis for a reasonable trier of fact to determine that Gray knowingly and intentionally distributed cocaine on June 30 and August 2, 2006. Accordingly, Gray's challenge to his convictions fails.

**AFFIRMED.**