[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-16130
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20022-UU-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GILBERTO GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 5, 2012)

Before DUBINA, Chief Judge, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Appellant Gilberto Garcia appeals his conviction for possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

Garcia argues that there was insufficient evidence to prove that his firearm possession was "in furtherance of" the drug-trafficking crime. The facts adduced at the bench trial on this count showed that Garcia drove to Florida with a fully loaded, semi-automatic firearm in the front console of the truck, knowing that he would negotiate a cocaine deal. Garcia agreed to drive an undercover vehicle containing the cocaine to a storage location, and intended for his codefendant to follow him in the truck with the firearm.

Sufficiency of the evidence is question of law subject to *de novo* review. *United States v. Martinez*, 83 F.3d 371, 373-74 (11th Cir. 1996). While ordinarily a party must move for a judgment of acquittal at trial in order to preserve a sufficiency of the evidence argument on appeal, it is not necessary to do so in a bench trial. *United States v. Hurn*, 368 F.3d 1359, 1368 n.5 (11th Cir. 2004). In assessing sufficiency, we review the evidence "in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor." *Martinez*, 83 F.3d at 374. A conviction will not be reversed unless "no reasonable trier of fact could find guilt beyond a reasonable doubt."

2

*United States v. Schaltenbrand*, 930 F.2d 1554, 1560 (11th Cir. 1991).

Section 924(c) of Title 18 of the U.S. Code states, "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime" be subject to additional penalties enumerated in the statute. 18 U.S.C. § 924(c)(1)(A). We have interpreted "in furtherance of" to mean that the firearm "helped, furthered, promoted, or advanced the drug trafficking." *United States v. Timmons*, 283 F.3d 1246, 1252 (11th Cir. 2002). Mere presence of a firearm in the defendant's "dominion and control" during the drug offense is insufficient by itself to constitute possession "in furtherance of" the drug-trafficking crime. *Id.* at 1253. We consider a list of non-exclusive factors in determining whether there is "some nexus between the gun and the drug selling operation": (1) the type of drug activity being conducted; (2) accessibility of the firearm; (3) the type of the weapon; (4) whether the weapon is stolen; (5) the status of the possession (legitimate or illegal); (6) whether the gun is loaded; (7) proximity to the drugs or drug profits; and (8) the time and circumstances under which the gun is found. *Id.* (internal quotation marks omitted).

To prove the § 924(c) offense as charged in Count 3, the government must

3

establish that Garcia (1) knowingly, (2) possessed a firearm, (3) in furtherance of a drug-trafficking crime. *United States v. Woodard*, 531 F.3d 1352, 1362 (11th Cir. 2008). We have not required that the drugs and firearm be located in the same compartment. *See United States v. Suarez*, 313 F.3d 1287, 1292-93 (11th Cir. 2002) (upholding a conviction where officers recovered loaded firearms and ammunition that was loose in a bag in the master bedroom closet in the defendant's residence because the residence had been used to store cocaine).

Viewed in the light most favorable to the government, we conclude from the record that the evidence established a nexus between the firearm and the drug conspiracy to show that the firearm was possessed "in furtherance" of a drug-trafficking crime and was sufficient to support Garcia's § 924(c) conviction. Thus, we affirm Garcia's conviction.

**AFFIRMED.**