[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11595
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cr-00085-ACC-DAB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRY JEROME CASON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 25, 2013)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Terry Jerome Cason appeals the district court's denial of his motion for judgment of acquittal. Specifically, he argues that the government had insufficient evidence to identify him as the robber in two of the three robberies that he was convicted of committing. The government counters that it presented enough evidence to prove beyond a reasonable doubt that Cason committed all three robberies. After careful consideration, and viewing the evidence in the light most favorable to the government, we conclude that the government presented evidence sufficient to support these convictions.

## I.

At approximately 2:00 in the morning on November 23, 2010, two men robbed a twenty-four hour Walgreens in Lake Mary, Florida. The robbers wore dark clothing and covered their faces so only their eyes were visible. They covered their hands with athletic socks and used the socks to wipe down anything they touched. The robbers pointed a gun at an employee and forced him to open a safe. They then took $600 in cash and approximately $800 worth of liberty bell postage stamps. Next, the robbers locked two employees in the store's freezer and took their cell phones.

2

At around 3:30 in the morning on December 3, 2010, a man robbed a twenty-four hour Walgreens in Winter Park, Florida. The man had a shirt wrapped around his face and wore a sock over his hand. The man pointed a gun at an employee's face and demanded to be taken to the safe. The gun was silver with a black handle. The robber took $2,000 in cash and carried it in a blue pillowcase. He also took an employee's cell phone, even though the employee asked him not to because Walgreens would not pay for the phone. The robber then locked several employees in the store freezer.

At about 2:45 in the morning on December 7, 2010, a man robbed a twenty-four hour Walgreens in Winter Garden, Florida. The robber revealed a silver gun, robbed the store, and put the money in a pillowcase. He then locked the employees in the store's freezer. He also took the cell phone of one of the store employees.

After leaving the Winter Garden Walgreens, the robber got into a car in the parking lot. A driver was in the car waiting to drive him away. Because one of the Walgreens employees activated a silent alarm, the police arrived on the scene and engaged the get-away car in a high-speed chase. The police captured the robber, who was identified as Cason. In the car, the police found a sock, a gun, and a blue pillowcase filled with cash. While in custody, Cason admitted to robbing the Winter Garden Walgreens, but denied robbing the other two Walgreens. A jury

3

found Cason guilty of all three robberies.  He now argues there was insufficient evidence to prove that he robbed the Lake Mary and Winter Park Walgreens.

## II.

We review <u>de novo</u> the district court's denial of a defendant's motion for judgment of acquittal based on insufficient evidence.  <u>United States v. Emmanuel</u>, 565 F.3d 1324, 1333 (11th Cir. 2009).  When evaluating the sufficiency of the evidence, we "view the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor."  <u>United States v. Martinez</u>, 83 F.3d 371, 374 (11th Cir. 1996).  "We will not reverse unless no reasonable trier of fact could find guilt beyond a reasonable doubt."  <u>United States v. Farley</u>, 607 F.3d 1294, 1333 (11th Cir. 2010).

Here, the jury heard sufficient evidence to conclude that Cason committed the Lake Mary and Winter Park robberies.  Ms. Regina Whitaker, the driver of the get-away car and a confidant of Cason, gave the jury details about Cason's role in the Lake Mary and Winter Park robberies.  She explained that before the Lake Mary robbery, Cason asked to borrow her car so that he could "hit a lick," meaning commit a robbery.  Whitaker said that Cason called her at approximately 2:30 in the morning on the night of robbery in Lake Mary and told her that he had stolen $600, taken an employee's cell phone, and left the employees in the freezer.  Whitaker testified that Cason asked her again to borrow her car so that he could

4

rob a Walgreens in Winter Park, Florida. Whitaker said that Cason called her after the robbery and told her that he had stolen $2,500 or $3,000, put the employees in the freezer, and taken their cell phones. Cason joked that one of the employees had protested because Walgreens wasn't going to pay for his cell phone. Cason also told Whitaker that he purchased a Sony PlayStation or a Nintendo Wii with the stolen money. After viewing security photos from one of the robberies, Whitaker identified Cason as the robber.

Officer Spears from the Seminole County Sheriff's Office executed a search of Cason's home. Officer Spears told the jury that she found fifty-five sheets of U.S. postage stamps and several receipts in Cason's home. One of the receipts was for a Sony Playstation, which was paid for with cash. The jury also heard testimony from Special Agent John Scanlon from the Bureau of Alcohol, Tobacco, Firearms, and Explosives. Special Agent Scanlon testified that outside the house, a piece of paper was found in the trash that listed the addresses of several Walgreens.

The jury also considered the similarities among the three robberies. The robberies all occurred at twenty-four hour Walgreens between 2:00 and 3:30 in the morning. The robber used an athletic sock to avoid leaving fingerprints; used a gun to force an employee to open the safe; stole the employees' cell phones; and locked the employees in the store freezer. Similar to the Winter Garden robbery,

to which Cason admitted, the Winter Park robber used a silver gun and a pillowcase.

Together, this evidence was sufficient to support the jury's verdict. For this reason, we affirm the district court's denial of Cason's motion for judgment of acquittal.

**AFFIRMED**.