ED CARNES, Chief Judge, concurring: I concur in the majority opinion for the Court, especially in light of footnote 12, which acknowledges that a district court is not required to accept the testimony of the plaintiff that her misstatements in the bankruptcy proceeding were not made with intent to mislead, even if that testimony is uncontradicted. This is in keeping with the long-established law of this circuit. See, e.g., Burston v. Caldwell, 506 F.2d 24, 26 (5th Cir. 1975) (“The district court, of course, was not required to accept [the petitioner’s] testimony, even if uncontradicted.”); Negron v. City of Miami Beach, 113 F.3d 1563, 1570 (11th Cir. 1997) (noting that the district court as factfinder was free to reject an expert witness’ testimony even if it was uncontradicted); Murphy v. City of Flagler Beach, 846 F.2d 1306, 1310 (11th Cir. 1988) (explaining that the factfinder “was not bound to accept the plaintiffs evidence .,. even if it was not controverted”); see also United States v. Samples, 897 F.2d 193, 198 (5th Cir. 1990) (“The trier of fact need not credit any witness’ testimony, even if unimpeached.”). We have taken the principle even further than that. In criminal cases, “[w]e have long recognized that a statement by a defendant, if disbelieved by the jury, may be considered substantive evidence of the defendant’s guilt.” United States v. Tobin, 676 F.3d 1264, 1287 (11th Cir. 2012) (quotation marks omitted), abrogated on other grounds by United States v. Davila, 569 U.S. -, 133 S.Ct. 2139, 186 L.Ed.2d 139 (2013); United States v. Martinez, 83 F.3d 371, 374 (11th Cir. 1996) (“But the jury was entitled to reject Martinez’s testimony and to consider it as substantive evidence of his guilt.”). And “this rule applies with special force,” we have stressed, “where-the element to be proved is the defendant’s knowledge or intent.” Martinez, 83 F.3d at 374-75; accord United States v. Vazquez, 53 F.3d 1216, 1225 (11th Cir. 1995) (noting that the rule a factfinder, after observing a defendant testify, can infer that the opposite of her testimony is true “applies with special force where the elements to be proved for a conviction include highly subjective elements: for example, the defendant’s intent or knowledge”). All of those decisions are particularly important in light of our holding today that judicial estoppel will bar a claim not disclosed by the plaintiff in her bankruptcy proceeding only if the omission was done with the intent to mislead. The intent behind an inaccurate or misleading statement or omission is a purely subjective fact that can seldom be proven by objective facts alone. People who have defrauded others through misleading bankruptcy schedules, which are signed under penalty of perjury, have committed a crime. It is a small step from original perjury to cover-up perjury. If district courts were required to accept a plaintiffs testimony that she did not intend to defraud her creditors by omitting a claim from her bankruptcy schedules, judicial estoppel never would be applied in these circumstances. The possibility that the doctrine could apply to claims not disclosed in bankruptcy proceedings would be purely academic and serve no deterrent purpose. And if debtors were freed from any threat of judicial estoppel, the losers would be both honest creditors and the integrity of the judicial process, which means we all would lose. That is why the one sentence contained in footnote 12 is so important. It' means that in deciding whether a plaintiff intended to mislead when she omitted a claim from her bankruptcy schedules, or failed to update-a schedule to include the claim, the district court is not required to accept the plaintiffs denial of her intent. And that is true even if her denial is made under oath and not contradicted by other evidence. The district court has the authority and responsibility to find the facts and not to blindly accept testimony.