PER CURIAM:
 

 Appellant, Reginald Goldsmith, was convicted by a jury of transporting hazardous waste to unpermitted facilities, in violation of 42 U.S.C. § 6928(d)(1); and storing hazardous waste without a permit, in violation of 42 U.S.C. § 6928(d)(2)(A). He was sentenced to twenty-three months imprisonment, to run concurrently with another federal sentence he had received in the District of South Carolina. On appeal, he raises three issues: he argues that the district court erroneously refused to give his proposed jury instruction on the issue of knowledge; that the district court erroneously refused to reduce his offense level by two levels based on the commentary to § 2Q1.2 of the Sentencing Guidelines; and that the district court erroneously increased his offense level by two levels pursuant to § 3Bl.l(c) of the Sentencing Guidelines.
 

 At trial, Goldsmith requested that the district court charge the jury as follows:
 

 Before you can convict Mr. Goldsmith of either Count I or Count II, you must find beyond a reasonable doubt that Mr. Goldsmith knew what the substance in the barrels was, that the substance he believed was contained in the barrels was one defined as the hazardous waste by the Environmental Protection Agency, and that Mr. Goldsmith knew that as to Count I that he did not have a permit from the E.P.A. to transport hazardous waste, and as to Count II, that Action Testing did not have a permit to store hazardous waste.
 

 The district court rejected the proposed charge, and instead charged the jury in pertinent part:
 

 Title 42, United States Code, § 6928(d)(1), makes it a federal crime for any person to knowingly transport or cause to be transported any hazardous waste to a facility which does not have a permit. The defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:
 

 First:
 

 That the defendant knowingly transported, or caused others to transport certain waste materials, to Action Testing and Consulting Laboratory Inc. and to a certain storage area between on or about November 4, 1988 and on or about November 30, 1988;
 

 Second:
 

 That the material so transported was defined by law to be a hazardous waste, that is, waste exhibiting the characteris
 
 *645
 
 tic of ignitability, and waste exhibiting the characteristic of corrosivity;
 

 Third:
 

 That Action Testing & Consulting Laboratory, Inc. (1801 Montreal Court, Tucker, Georgia) and the storage area (1804 Montreal Court, Tucker, Georgia) did not have a permit or interim status from the Environmental Protection Agency authorizing them to treat, store, or dispose of the waste; and that the defendant knew that these locations did not have such permit or interim status;
 

 Fourth:
 

 That the defendant knew that the transported material had the potential to be harmful to others or to the environment, in other words, that it was not an innocuous substance like water.
 

 Title 42, United States Code, § 6928(d)(2)(A) makes it a federal crime or offense for any person to knowingly store or dispose of any hazardous waste without a permit.
 

 The defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:
 

 First:
 

 That the defendant knowingly stored, or caused to be stored, certain waste materials between on or about November 4, 1988 and on or about January 31, 1989;
 
 Second:
 

 That the material so stored was defined by law to be hazardous waste, that is, waste exhibiting the characteristic of ig-nitability, and waste exhibiting the characteristic of corrosivity;
 

 Third:
 

 That the defendant had not obtained a permit or interim status from the Environmental Protection Agency authorizing him to store the waste;
 

 Fourth:
 

 That the defendant knew that the stored material had the potential to be harmful to others or to the environment, in other words, that it was not an innocuous substance like water.
 

 I charge you that in deciding whether the defendant had knowledge of the permit status at 1801 Montreal Court and 1804 Montreal Court, you are instructed that if you find that the defendant willfully failed to determine the permit status of these locations to which he moved the drums, then you may conclude that the defendant acted knowingly in this regard.
 

 Goldsmith argues that the district court’s failure to give his requested' charge was erroneous because the court did not charge the jury that the government had to prove that Goldsmith knew that he was transporting hazardous waste.
 

 The government responds that Goldsmith’s requested charge was an incorrect statement of the law because it suggested that the defendant had to have specific knowledge as to what was in the drums of chemicals, and because it suggested that the defendant had to know that the Environmental Protection Agency had defined the chemicals contained in the drums as hazardous waste. The government is correct. It is not necessary that the government prove that the defendant knew a chemical waste had been defined as a “hazardous waste” by the Environmental Protection Agency.
 
 United States v. Hayes International Corp.,
 
 786 F.2d 1499, 1503 (11th Cir.1986) (“... in a prosecution under 42 U.S.C. § 6928(d)(1) it would be no defense to claim no knowledge that the paint waste was a hazardous waste within the meaning of the regulations”);
 
 United States v. Baytank, Inc.,
 
 934 F.2d 599, 612 (5th Cir.1991);
 
 United States v. Dee,
 
 912 F.2d 741, 745 (4th Cir.1990),
 
 cert. denied,
 
 — U.S. -, 111 S.Ct. 1307, 113 L.Ed.2d 242 (1991). The government need only prove that a defendant had knowledge of “the general hazardous character” of the chemical.
 
 United States v. Dee,
 
 912 F.2d at 745.
 

 In
 
 United States v. Hoflin,
 
 880 F.2d 1033, 1039 (9th Cir.1989),
 
 cert. denied,
 
 493 U.S. 1083, 110 S.Ct. 1143, 107 L.Ed.2d 1047 (1990), the Ninth Circuit held that a jury instruction on knowledge that was almost identical to the one given in this case, was sufficient to notify the jury that they had to find that the defendant knew the waste
 
 *646
 
 he had disposed of was “hazardous.”
 
 [1]
 
 In
 
 United States v. Greer,
 
 850 F.2d 1447, 1450 (11th Cir.1988), this court- cited with apparent approval the same knowledge instruction as that given in this case. We now expressly hold that the knowledge instruction cited in
 
 Hoflin
 
 and
 
 Greer,
 
 and given in this case, is sufficient to inform the jury that they must find that a defendant knew the substance he disposed of was hazardous.
 

 Goldsmith also contends that the charge given was insufficient because there was no evidence that he knew exactly what the substance in the drums of chemicals was. In fact, the evidence showed that a number of chemicals were stored in different drums, and that they had been mixed together during the E.P.A. investigation. We conclude that a defendant need not know the exact identity of the chemicals disposed of, but only that the chemicals have “the potential to be harmful to others or to the environment.”
 
 See United States v. Dee,
 
 912 F.2d at 745 (“the knowledge element of § 6928(d) does extend to knowledge of the general hazardous character of the wastes”).
 
 [2]
 

 Goldsmith next argues that the district court erred by refusing to reduce his offense level by two levels, pursuant to Application Note 8 of § 2Q1.2 of the United States Sentencing Guidelines. Section 2Q1.2(b)(4) provides for a four-level increase in offense level if the offense involved transportation or storage without a permit.
 
 [3]
 
 Application Note 8 provides:
 

 Subsection (b)(4) applies where the offense involved violation of a permit, or where there was a failure to obtain a permit when one was required. Depending upon the nature and quantity of the substance involved and the risk associated with the offense, a departure of up to two levels either upward or downward may be warranted.
 

 Goldsmith argues that a two-level reduction was warranted because he was not involved in the eventual dumping of the drums in the woods. He merely transported the drums from one place of business across town to another business, which was owned by the same person. All of the drums were stored either inside a warehouse or on the adjacent lot. Of the 150 drums, only 38 contained hazardous chemicals. Even after some of the drums were dumped in the woods, there was very little environmental damage, and none caused by Goldsmith’s transporting the drums across town.
 

 The government responds that the drums posed a significant risk to the environment. Had an accident occurred during the transport, the ignitable chemicals could have caused a deadly fire. Likewise, the warehouse was a serious fire hazard. Eventually, Goldsmith abandoned the drums, increasing the risk that they would be improperly disposed of. This is exactly what happened; the clean-up costs exceeded $200,000. We conclude that the district court was not clearly erroneous in finding that a two-level reduction was not warranted.
 

 Finally, Goldsmith argues that he should not have received a two-level enhancement as an organizer, leader, manag
 
 *647
 
 er, or supervisor in criminal activity under § 3Bl.l(c) of the Sentencing Guidelines, because the three men that he supervised did not violate the law, and were not charged with any criminal activity. As the government notes, this argument is foreclosed by
 
 United States v. Jones,
 
 899 F.2d 1097, 1103 (11th Cir.),
 
 cert. denied,
 
 — U.S. -, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), in which this court held:
 

 Where the district court has offered the opportunity to object and a party is silent or fails to state the grounds for objection, objections to the sentence will be waived for purposes of appeal, and this court will not entertain an appeal based upon such objections unless refusal to do so would result in manifest injustice.
 

 Before concluding the sentencing hearing, the district court elicited objections from both Goldsmith and the government. Because Goldsmith failed to raise this objection at sentencing, it is deemed waived. Finding no manifest injustice, we decline to consider Goldsmith’s final argument for the first time on appeal.
 

 AFFIRMED.
 

 [1]
 

 . The
 
 Hoflin
 
 court’s knowledge instruction stated that in order to find the defendant guilty of a violation of § 6928(d)(2)(A), the jury must find that:
 

 Defendant knew that the chemical waste had the potential to be harmful to others or to the environment, or in other words, it was not an innocuous substance like water.
 

 [2]
 

 . Goldsmith’s reliance on language in
 
 United States v. Hayes, supra,
 
 is misplaced. In that case, this court stated in dicta that "to convict under section' 6928(d)(1), the jurors must find that the defendant knew what the waste was (here, a mixture of paint and solvent).” 786 F.2d at 1505. The
 
 Hayes
 
 dicta did not mean that a defendant must have specific knowledge of a hazardous waste’s identity, but only that the defendant must know the substance’s general hazardous character, as the
 
 Hayes
 
 court’s earlier discussion of
 
 United States v. International Minerals & Chemical Corp.,
 
 402 U.S. 558, 91 S.Ct. 1697, 29 L.Ed.2d 178 (1971), and
 
 Boyce Motor Lines, Inc. v. United States,
 
 342 U.S. 337, 72 S.Ct. 329, 96 L.Ed. 367 (1952), indicates.
 
 See Hayes,
 
 786 F.2d at 1502.
 

 [3]
 

 . Section 2Q1.2(b)(4) states:
 

 If the offense involved transportation, treatment, storage, or disposal without a permit or in violation of a permit, increase by 4 levels.