**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Leroy TAFFE, a/k/a "Lee" Tommy Lee Ellis, Defendant–Appellant.**

Nos. 92–4693, 92–4696.

United States Court of Appeals,
Eleventh Circuit.

Oct. 27, 1994.

**1048**

Bruce J. Kessler, Victor Martinez (Court-appointed, per voucher), Tampa, FL, for appellant.

Dawn Bowen, Linda Collins Hertz, Leah A. Simms, Miami, FL, for appellee in No. 92–4693.

Roberto Martinez, U.S. Atty., Richard D. Boscovich, Leah Simms, Miami, FL, for appellee in No. 92–4696.

Before KRAVITCH and BIRCH, Circuit Judges, and HOEVELER *, Senior District Judge.

KRAVITCH, Circuit Judge:

Leroy Taffe pleaded guilty to three counts arising out of an attempted drug heist and ensuing shoot-out with law enforcement: conspiracy to possess cocaine with intent to distribute; possession of cocaine with intent to distribute; and use and possession of a firearm during the commission of crimes of violence and drug trafficking.[1] He appeals his sentences, challenging the application to him of a statutory thirty-year sentence enhancement and contending that the district court erred in its determination of the amount of drugs involved in the offenses. We AFFIRM Taffe's sentences on the conspiracy count and for use and possession of a firearm during the commission of crimes of violence and drug trafficking, VACATE his sentence for possession of cocaine and REMAND for resentencing.

## I.

Taffe was arrested in a sting operation set up as part of a cooperative effort by the Federal Bureau of Investigation, the Bureau of Alcohol, Tobacco and Firearms, and the Metro–Dade County Police Department. The operation was designed to capture the perpetrators of a number of unsolved violent drug heists in Miami. The government instructed informants to put out the word on the street that a load of approximately 150 kilograms of cocaine would be stored in a particular Miami warehouse on a specific date. The location was equipped with surveillance cameras and appropriately altered in preparation for the expected heist. The government placed three [2] bales of cocaine, weighing a total of 146 kilograms, in a bay of the warehouse and the agents took their places in and around the facility.

Taffe and three other men drove into the warehouse complex and remained inside their car near the bay in which the cocaine was stored for approximately fifteen minutes. The authorities became concerned that the group was waiting until dark to act and attempted to spur them into action. An agent came out of the bay and walked towards a nearby undercover police vehicle. The suspects' car sped towards the agent, who ran back towards the bay and escaped. Three of the suspects, including Taffe, exited their car and approached the target bay.

---

* Honorable William M. Hoeveler, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

1. In a separate proceeding Taffe pleaded guilty to 3 counts relating to an escape attempt: attempted escape; attempted murder; and the taking of a hostage. These two cases have been consolidated on appeal, but Taffe raises no challenges to his conviction or sentence on the attempted escape charges.

2. There is conflicting evidence in the record concerning whether the cocaine was in two or three bales. This imprecision does not effect our disposition of the case.

After the group unsuccessfully attempted to open the door by shooting the lock, Taffe broke into the bay through a window. He then fired an AK–47 semi-automatic assault rifle into the storage area and climbed into the bay. Taffe handed one of the bales of cocaine through the window to an accomplice who dragged it towards their car. Taffe then climbed out of the bay through the window. At that point the police announced their presence over a loudspeaker system and ordered the men to freeze. A flurry of police descended on the area and the suspects began to fire at the authorities. Taffe fired his AK–47 semi-automatic assault rifle; one of his accomplices fired an UZI machine pistol, equipped with a silencer. In the exchange of gunfire all four members of the Taffe group were injured, two fatally. Taffe was arrested.

Taffe pleaded guilty to three counts: conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841; and use and possession of a firearm during and in relation to crimes of violence and drug trafficking, in violation of 18 U.S.C. § 924(c). At sentencing the district court concluded that the amount of drugs involved in the crime was 146 kilograms and sentenced Taffe accordingly. Taffe received a 327 month sentence on the conspiracy and possession counts and a thirty year sentence, to be served consecutively, for the use or possession of a silencer during the course of his crimes.

## II.

■ Taffe challenges the application of the thirty year sentence enhancement. 18 U.S.C. § 924(c) provides:

Whoever, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, shall in addition to the punishment provided for such crime, be sentenced to imprisonment for five years ... and if the firearm is a machine gun, or a destructive device, or is equipped with a firearm silencer or firearm muffler, to imprisonment for thirty years.

Taffe concedes that he falls under the five year sentence enhancement provided in the statute because of the AK–47 semi-automatic assault rifle that he himself carried and used during the drug crimes. He contends, however, that the district court erred in applying the thirty year enhancement to him because he did not use or carry the UZI equipped with a silencer, or constructively possess that weapon. We disagree.

Taffe pleaded guilty to a count of the indictment which charged:

On or about October 25, 1990 ... Leroy Taffe ... did knowingly use and carry firearms, that is, an AK 47 semi-automatic assault rifle, an UZI machine pistol with silencer, a Desert Eagle Magnum semi-automatic handgun, a Smith and Wesson .44 magnum revolver and a Taurus 9 mm pistol, during and in relation to crimes of violence and drug trafficking ... in violation of Title 18, United States Code, Section 924(c).

In pleading guilty to this count, Taffe made a legally binding admission of responsibility for the use of the silencer during the course of his offense. The Supreme Court has stated that "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989). Taffe cannot now challenge as improper a sentence that directly reflects the facts to which he pleaded guilty. *United States v. Eaves*, 849 F.2d 363, 365 (8th Cir. 1988).[3]

## III.

■ Taffe also contends that the district court erred in sentencing him on both the possession and the conspiracy counts based upon the full amount of cocaine in the warehouse, 146 kilograms. He argues that his

---

**3.** Additionally, Taffe claims that his sentence violated the Equal Protection Clause of the Fifth Amendment because his co-defendant pled to a different indictment and received only a five year sentence enhancement. This argument was not raised below and finding no manifest injustice, we decline to address it on appeal. *United States v. Goldsmith*, 978 F.2d 643, 647 (11th Cir.1992).

sentences should only include the amount of cocaine that he actually took out of the bay. For sentencing purposes, the government must establish the quantity of drugs by a preponderance of the evidence. *United States v. Ismond,* 993 F.2d 1498, 1499 (11th Cir.1993). The district court concluded that the government had demonstrated that all 146 kilograms of cocaine in the warehouse were involved in the offenses. We review Taffe's challenge to the quantity of drugs for which he was sentenced for clear error. *United States v. Alston,* 895 F.2d 1362, 1369 (11th Cir.1990).

We agree with Taffe that as to the possession count the government did not establish that Taffe possessed all of the cocaine placed in the warehouse. The evidence presented at the plea hearing and sentencing established that Taffe possessed only one bale of cocaine. Based on the facts presented by the government, it cannot be said that Taffe or any of his accomplices possessed more than that one bale of cocaine. We therefore vacate Taffe's sentence on the possession count.

■ We conclude, however, that the district court did not err in finding that 146 kilograms of cocaine were involved in the conspiracy to possess with intent to distribute cocaine. The guidelines in effect at the time of Taffe's sentencing provided that "if a defendant is convicted of a conspiracy ... to commit any offense involving a controlled substance, the offense level shall be the same as if the object of the conspiracy ... had been completed." U.S.S.G. § 2D1.4(a) (Nov. 1991). In this case the district court found that:

> the attempt to carry out the conspiracy would not have ended absent interference by law enforcement, the shooting that broke out and so forth, but that indeed all the drugs that were there would have been taken....
>
> [T]he conspiracy having been established, they are going to be liable for whatever was there that they intended to take out, and I have no difficulty in finding that they intended to take out all that was there, all being 146.8 kilos. That is my finding.

Taffe argues that his sentence should not be contingent on the government's unilateral action of placing a certain amount of cocaine in the warehouse. He contends that the amount of cocaine placed in the bay is an arbitrary amount that bears no relationship to his mental state in committing the crime. The government claims that because Taffe and his associates would have stolen whatever amount of cocaine they found in the warehouse, Taffe can be held accountable for the total amount of cocaine placed in the warehouse by the government.

We cannot say that the district court erred in finding that Taffe and his cohorts would have stolen all of the cocaine in the warehouse. Law enforcement authorities intervened in an ongoing drug heist. Nothing in the actions of Taffe or his associates indicated that they planned to steal only a portion of the drugs at the warehouse. Given the amount of cocaine involved, we do not view the district court as clearly erroneous in concluding that Taffe conspired to possess all 146 kilograms. We therefore affirm the district court's sentence of Taffe on the conspiracy count.

For the foregoing reasons we AFFIRM in part, VACATE in part and REMAND this case for resentencing on the count of possession of cocaine with intent to distribute.