[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 26, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14956
Non-Argument Calendar

_____

D. C. Docket No. 90-06036-CR-JAG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL ALVARO SCAFF-MARTINEZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 26, 2007)**

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Gabriel Alvaro Scaff-Martinez appeals *pro se* the district court's order

denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). In 1991, Scaff-Martinez was sentenced to prison for 295 months, stemming from his conviction for intent and conspiracy to possess and distribute 182 kilograms of cocaine. On this appeal, Scaff-Martinez primarily argues that United States Sentencing Guidelines Amendment 484 applies to his sentence because the crate of cocaine used in the sting that resulted in his arrest contained mostly sham cocaine, material that would have needed to be separated before the real cocaine could be used. He also argues that this case should be remanded to a different judge.

We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) (per curiam) (citing *United States v. Brown,* 332 F.3d 1341, 1343 (11th Cir. 2003)).

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). There are exceptions to this rule, however, including the following:

> [when a defendant] has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The sentencing guidelines list the amendments that apply retroactively and can therefore serve as the basis of a § 3582(c)(2) motion. U.S.S.G. § 1B1.10(a), (c); *see United States v. Armstrong*, 347 F.3d 905, 907 (11th Cir. 2003) (noting that "for a sentence to be reduced retroactively under § 3582(c)(2), a court must determine whether there has been an amendment to the Sentencing Guidelines that has lowered the guideline range applicable to that sentence and is listed under § 1B1.10(c)"). Amendment 484 is included on the list of retroactive amendments. U.S.S.G. § 1B1.10(c).

Amendment 484 amended the commentary to U.S.S.G. § 2D1.1 to include the following application note, in relevant part:

> Mixture or substance does not include materials that must be separated from the controlled substance before the controlled substance can be used. Examples of such materials include the fiberglass in a cocaine/fiberglass bonded suitcase, beeswax in a cocaine/beeswax statue, and waste water from an illicit laboratory used to manufacture a controlled substance.

U.S.S.G. § 2D1.1, cmt. n.1. Scaff-Martinez argues that this application note should apply retroactively to his sentence because out of the 182 kilograms of "cocaine" used in the sting that resulted in his arrest, only 9 kilograms consisted of real cocaine; the remaining 173 kilograms consisted of sham cocaine, which he argues is a "material[] that must be separated from the controlled substance before

3

the controlled substance can be used."

In this case, evidence at trial showed that approximately 182 kilograms of cocaine was seized during the investigation of the conspiracy that included Scaff-Martinez. Then, the evidence shows, Scaff-Martinez agreed to purchase that same amount of cocaine from the informant. Therefore, Scaff-Martinez was properly sentenced based on all 182 kilograms of cocaine. *See United States v. Taffe*, 36 F.3d 1047, 1050 (11th Cir. 1994) (concluding that all of the cocaine the defendants intended to steal was properly included in the sentencing calculation on conspiracy convictions, even though they only actually stole a portion of the cocaine before authorities intervened); U.S.S.G. § 2D1.1, cmt. n.12.[1] Moreover, we previously affirmed Scaff-Martinez's convictions and sentences based on this drug amount.

Accordingly, the only possible inquiry regarding Amendment 484 in this case is whether the 182 kilograms of cocaine seized during the investigation, and intended to be purchased by Scaff-Martinez, included another substance that had to be separated before the cocaine could be used. At trial, the testimony suggested

---

[1] "In an offense involving an agreement to sell a controlled substance, the agreed-upon quantity of the controlled substance shall be used to determine the offense level unless the sale is completed and the amount delivered more accurately reflects the scale of the offense . . . in a reverse sting, *the agreed-upon quantity* of the controlled substance would more accurately reflect the scale of the offense because the amount actually delivered is controlled by the government, not by the defendant." U.S.S.G. § 2D1.1, cmt. n.12 (emphasis added).

that the bags contained only cocaine. Scaff-Martinez does not allege otherwise; rather, his arguments focus on the sealed crate used during the sting that apparently contained only 9 kilograms of cocaine and 173 kilograms of flour or sham cocaine. The contents of the crate at that stage were irrelevant, however, as he was charged with intent and conspiracy resulting from his *agreement to purchase* 182 kilograms of real cocaine; he was not charged with actually possessing the cocaine used in the sting.[2]

Finding that Amendment 484 has no effect on Scaff-Martinez's sentence, the district court then considered the factors set forth in 18 U.S.C. § 3553(a) and properly found no basis with which to reduce his sentence.

Because we hold that the district court committed no error, let alone an abused its discretion, there is no need for us to address Scaff-Martinez's request that we remand this case to a different district judge.

**AFFIRMED.**

---

[2] Scaff-Martinez's reliance on *United States v. Jackson*, 115 F.3d 843 (11th Cir. 1997), is misplaced. In that case, the defendant was found *in actual possession of* a substance containing approximately 1000 grams of sugar and 10 grams, or 1%, of cocaine, and was erroneously sentenced based on the entire weight of a package. *Jackson*, 115 F.3d at 844–45. Scaff-Martinez, on the other hand, was sentenced for *conspiring* and *intending* to possess and distribute 182 kilograms of what he believed to be real cocaine.