NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 29 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OMAR LUNA-ARENAS, AKA Omar Arenas, AKA Johnny M. Lopez, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  18-72369 <br><br> Agency No. A205-971-630 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2021[**]
San Francisco, California

Before:  RAWLINSON and BUMATAY, Circuit Judges, and S. MURPHY,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stephen J. Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Petitioner Omar Luna-Arenas, a citizen of Mexico, petitions for review of a final administrative order of removal. The Department of Homeland Security ("DHS") ordered Luna-Arenas removed because he was "not lawfully admitted for permanent residence" and was convicted of "an aggravated felony." Luna-Arenas now contends that DHS violated his due process rights by not providing him with a Notice of Intent to Issue a Final Administrative Removal Order ("Notice") translated into his native language. We have jurisdiction under 8 U.S.C. § 1252. We review due process claims de novo. *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012).

"[A]n individual may obtain relief for a due process violation only if he shows that the violation caused him prejudice, meaning the violation potentially affected the outcome of the immigration proceeding." *Gomez-Velazco v. Sessions*, 879 F.3d 989, 993 (9th Cir. 2018). Here, Luna-Arenas argues that the outcome of his proceedings may have been different because he may have been entitled to discretionary relief under 8 U.S.C. § 1182(h) or relief consistent with *Matter of Quilantan*, 25 I. & N. Dec. 285 (BIA 2010). We will address each argument in turn.

First, relief under 8 U.S.C. § 1182(h) is inapplicable to Luna-Arenas because he does not dispute that he is an aggravated felon. *See* 8 U.S.C. § 1101(a)(43)(F) ("aggravated felony" includes any crime of violence under 18 U.S.C. § 16);

2

*Banuelos-Ayon v. Holder*, 611 F.3d 1080, 1086 (9th Cir. 2010) ("California Penal Code § 273.5(a) is a categorical crime of violence under 18 U.S.C. § 16(a)."). And "[n]o alien" convicted of an aggravated felony "shall be eligible for any relief from removal that the Attorney General may grant at the Attorney General's discretion." 8 U.S.C. § 1228(b)(5). Luna-Arenas would therefore not have been entitled to relief under 8 U.S.C. § 1182(h), which is discretionary. Thus, his inability to apply for such relief cannot constitute prejudice.

Second, Luna-Arenas argues that "the evidence does not prove whether or not [he] entered the United States pursuant to *Quilantan*." He argues that he may have been "waved" into the United States via a port of entry and thus was "inspected and admitted" for the purpose of "adjustment of status" under 8 U.S.C. § 1255. *Quilantan*, 25 I. & N. Dec. at 286, 293. Section 1255(a) states that the Attorney General may adjust the status of an alien who was inspected and admitted to the United States. But the alien must (1) "make[] an application for such adjustment," (2) be "eligible to receive an immigrant visa and [be] admissible to the United States for permanent residence," and (3) there must be an immigrant visa "immediately available[.]" 8 U.S.C. § 1255(a).

Luna-Arenas's claim fails because he is inadmissible for permanent residence. "[A]ny noncitizen who is convicted of an aggravated felony suffers several consequences" including being inadmissible. *Cortes-Maldonado v. Barr,*

978 F.3d 643, 647 (9th Cir. 2020).  As discussed above, Luna-Arenas was convicted of an aggravated felony, so he is inadmissible to the United States under 8 U.S.C. § 1255(a).  *Id.*  He therefore cannot show that he was prejudiced by any potential due process violation relating to the Notice not being translated to his native language because both of his arguments are futile.  We will therefore DENY the Petition for Review.

The Petition for Review is **DENIED.**