[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 22-11494

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LEROY TAFFE,
 a.k.a. Lee,
a.k.a. Tommy Lee Ellis,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 1:90-cr-00874-JLK-1

———————————

Before LUCK, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Leroy Taffe asks us to reverse the district court's denial of his 18 U.S.C. section 3582(c)(2) motion to reduce his sentence based on Amendment 782 of the United States Sentencing Guidelines. Because we conclude that the district court acted within its discretion in determining that the 18 U.S.C. section 3553(a) factors did not support a sentence reduction, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In April 1992, Taffe pleaded guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. section 846 (count 1); possession with intent to distribute cocaine, in violation of 21 U.S.C. section 841 (count 2); and using and possessing a firearm during and in relation to crimes of violence and drug trafficking, in violation of 18 U.S.C. section 924(c) (count 5).[1] *United States v. Taffe*, 36 F.3d 1047, 1049 (11th Cir. 1994). At sentencing, the district court found Taffe responsible for 146 kilograms of cocaine and, after imposing the relevant sentence enhancements, set

---

[1] While he was incarcerated for these three offenses, Taffe later pleaded guilty in a separate proceeding to attempted escape, attempted first degree murder, and hostage taking. *United States v. Taffe*, 36 F.3d 1047, 1048 n.1 (11th Cir. 1994). The district court consolidated the two cases for sentencing. *Id.*

Taffe's adjusted offense level at 43. The district court sentenced him to two concurrent 327-month terms of imprisonment on the cocaine conspiracy and possession counts and a consecutive 30-year sentence on the section 924(c) count.

In Taffe's direct appeal, we affirmed the district court's sentences for counts one and five—one of the 327-month sentences and the 30-year consecutive sentence—but we vacated the sentence for count two. *Id.* at 1050. In imposing the sentence for count two, the district court counted the total amount of cocaine that was present in the warehouse when Taffe attempted his robbery. *Id.* But we determined that the government "did not establish that Taffe possessed all of the cocaine placed in the warehouse," so we vacated that particular sentence. *Id.* On remand, the district court resentenced Taffe to 292 months for count two, to run concurrently with his 327-month sentence on count one.

This appeal is about Taffe's fifth motion to reduce his sentence, this time pursuant to 18 U.S.C. section 3582(c)(2) and based on Amendment 782 to the sentencing guidelines. Taffe moved the district court to lower his sentence for his conspiracy and possession counts from 327 months to 262 months' imprisonment. He argued that he had been a "model inmate" and his "history and characteristics . . . warrant[ed] leniency." Taffe explained that he had earned his high school equivalency degree while incarcerated, and he argued that, even under a reduced sentence, he would not be released until he is in his "late 70's," which would put him at a low risk of recidivism. He attached letters showing that he did

"outstanding work" in the prison kitchen; knitted hats, scarves, and blankets for the local Salvation Army; and taught classes in prison, such as a religious studies class and a sport officiating class. He had "strong family and community support" to help him "become a productive member of society after his release," and he noted that he would be removed to his home country of Jamaica once released, which would be "better for the American taxpayer."

The district court denied Taffe's motion. It found that "the factors under [section] 3553(a) do not warrant release" because Taffe had "held a federal employee hostage at gunpoint[,] tried to shoot another employee[,] and was sanctioned while in prison in 2015 for possession of a dangerous weapon[.]" Taffe appeals the denial of his sentence reduction motion.

## STANDARD OF REVIEW

We review for abuse of discretion a district court's denial of a motion for a sentence reduction under section 3582(c)(2). *See United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017). "The district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).

## DISCUSSION

Taffe argues that the district court abused its discretion because it failed to consider his "rehabilitative steps and accomplishments." The district court, Taffe contends, focused "solely" on Taffe's behavior in the early stages of his incarceration and the

"[m]inor infractions" he committed "throughout the course of his sentence." We disagree.

Section 3582(c)(2) allows a court to reduce a defendant's sentence if the defendant was sentenced based on a sentencing range that the Sentencing Commission later lowered pursuant to 28 U.S.C. § 994(o), and if the court considers a reduction appropriate after "considering the factors set forth in section 3553(a) [and] . . . if such a reduction is consistent with the applicable policy statements" in the guidelines. 18 U.S.C. § 3582(c)(2).

Section 3553(a) directs courts to consider the following factors when determining a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent policy statements by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *Id.* § 3553(a).

Section 3582(c)(2) lays out a "two-step process": "First, the district court must determine if the defendant is eligible for relief, i.e., whether a retroactive [g]uidelines amendment actually lowers his applicable [g]uidelines range." *Caraballo-Martinez*, 866 F.3d at 1248 (citing *Dillon v. United States*, 560 U.S. 817, 824–28 (2010)). If so, then second, "the district court must then consider any applicable [section] 3553(a) factors and determine whether, in its

discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case." *Id.* (internal quotations omitted).

Here, as to the first step, the district court found, and the government agreed, that Amendment 782 retroactively reduced Taffe's sentencing range by two levels. On appeal, the government agrees that Amendment 782 lowered Taffe's offense level from 36 to 34.

As to the second question, the district court concluded, based on "the facts of [Taffe's] original offense and subsequent conduct," and "the factors under [section] 3553(a)," that Taffe's conduct in prison had been "anything except 'good conduct.'" Taffe's decisions to hold a federal employee hostage at gunpoint, attempt to shoot another federal employee, and possess a dangerous weapon as recently as 2015, didn't warrant granting Taffe a reduced sentence.

The district court acted well within its discretion in denying Taffe's motion. It reviewed his arguments, stated that it had considered the section 3553(a) factors, and concluded that the circumstances of both Taffe's "original offense and later conduct" did not warrant a reduced sentence. This analysis was sufficient, as a district court need not "address each of the [section] 3553(a) factors or all of the mitigating evidence." *United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021) (internal quotations omitted). "Instead, an acknowledgement by the district court that it considered the [section] 3553(a) factors and the parties' argument is sufficient." *Id.*

Taffe argues that the district court abused its discretion because it ignored the "rehabilitative steps" he has taken while in prison. But section 3553(a)(1) permits a district court to evaluate "the nature and circumstances of the [defendant's] offense and the history and characteristics of the defendant" when deciding whether to reduce a sentence. 18 U.S.C. § 3553(a). Moreover, even if we "would have gone the other way had it been our call[,]" we "must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004). Because the district court did not commit a clear error of judgment, or apply the wrong legal standard, we affirm.[2]

**AFFIRMED.**

---

[2] After the time for filing a reply brief had passed, Taffe sent the court a letter "seeking permission to amend [his] appeal" and asking for counsel to be appointed. The clerk's office responded to Taffe that he could "file a motion if you would like to file an amended appellate brief or would like to be appointed counsel by the [c]ourt." Taffe never filed a motion.