[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

-----------------------------------------

No. 07-12995
Non-Argument Calendar

-----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 28, 2008
THOMAS K. KAHN
CLERK

D.C. Docket  No. 06-20615-CR-RWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LIVAN ESTEBAN-RIOS,

Defendant-Appellant.

-------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
-------------------------------------

**(August 28, 2008)**

Before EDMONDSON, Chief Judge, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Defendant-Appellant Livan Esteban Rios appeals his conviction for

conspiracy to possess cocaine with intent to distribute at least 500 grams, in

violation of 21 U.S.C. § 846, and the 235-month sentence imposed. No reversible error has been shown; we affirm.

Rios claims the admission of evidence of Rios's participation in drug transactions that predated the charged conspiracy was highly prejudicial and constituted reversible error. The challenged evidence included tape-recorded conversations between the cooperating witness ("CW") and Rios in which Rios referenced prior drug transactions he had with the CW and with other members of the conspiracy. Rios maintains that, although the district court gave the jury a limiting instruction about uncharged acts, the verdict suggests that the jury convicted Rios based on the uncharged criminal conduct.

Fed.R.Evid 404(b) governs generally the admission of prior crimes and bad act evidence. Under Rule 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith"; such evidence is admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident..." Id. But not all evidence of criminal activity other than the charged offense is extrinsic and within the purview of Rule 404(b) regulation: evidence of an uncharged offense arising out of the same transaction or series of transactions as the charged offense which is necessary to complete the

story of the crime or is inextricably intertwined with evidence of the charged offense is not subject to the admissibility tests imposed by Rule 404(b). United States v. Veltmann, 6 F.3d 1483, 1498 (11th Cir. 1993). "And evidence is inextricably intertwined with the evidence regarding the charged offense if it forms an 'integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted.'" United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007), quoting United States v. Foster, 889 F.2d 1049, 1053 (11th Cir. 1989). "Evidence, not a part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998) (quotation and citation omitted).

That evidence is not subject to Rule 404(b) restriction does not end the admissibility inquiry; the evidence must still satisfy the requirements of Rule 403. See Edouard, 485 F.3d at 1344. Under Rule 403, otherwise relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues , or misleading the jury...." Fed.R.Evid. 403. But Rule 403 is "an extraordinary remedy which should be used only

sparingly ... to exclude concededly probative evidence." United States v. Betancourt, 734 F.2d 750, 757 (11th Cir. 1984)

We see no error in the district court's determination that the evidence Rios challenges was not Rule 404(b) evidence. The prior criminal conduct involved the same method of concealing and transporting the cocaine and involved the same people as the charged conspiracy. The recorded conversations that referenced prior criminal conduct were made largely during discussions about the charged conspiracy; this evidence established Rios's earlier dealings with the drug traffickers and explained why he was in a position to introduce the CW to the traffickers so that the CW might deliver drugs for them. The probative value of the evidence was not substantially outweighed by the risk of unfair prejudice or other factors listed in Rule 403. No abuse of discretion has been shown in the admission of the challenged evidence.[1]

We reject also Rios's claim that insufficient evidence exists to show the requisite agreement between Rios and the conspirators. Viewing "the evidence in the light most favorable to the government, with all reasonable inferences and

---

[1]Rios's claim that the jury was confused and held him accountable for unindicted conduct is speculative and fails to overcome the presumption that the jury followed the district court's instructions. See United States v. Brown, 983 F.2d 201, 202 (11th Cir. 1993) (jury presumed to follow the court's instructions).

credibility choices made in the government's favor," United States v. Martinez, 83 F.3d 371, 373-74 (11th Cir. 1996), sufficient evidence supports the jury's verdict and the denial of Rios's motion for judgment of acquittal. Rios's claims to the contrary notwithstanding, much more than "mere association" with the conspirators was shown. Based on the testimony of the CW, the recorded conversations, and Rios's post-*Miranda* admissions, the government proved that a conspiracy existed, that Rios knew of the conspiracy, and that Rios voluntarily joined it by conspiring with persons not cooperating with the government. No insufficiency has been shown.

Rios also claims error in the district court holding him responsible for 519.2 kilograms of cocaine. In support of this claim, Rios relies on the jury verdict that indicated only that the jury held him responsible for at least 500 grams; an option to hold Rios responsible for at least 5 kilograms was not exercised.[2]

"We review the district court's factual findings at sentencing for clear error." United States v. Bailey, 123 F.3d 1381, 1403 (11th Cir. 1997). No

---

[2]The perceived discrepancy between the jury's verdict and the amount of cocaine for which Rios was held accountable at sentencing was a recurring theme at the sentencing hearing and again in Rios's brief on appeal. We can not and do not say what the jury intended on the verdict form; we can and do say that the jury's verdict form does not limit the inquiry at sentencing. Relevant conduct shown by a preponderance of the evidence informs correctly the sentence imposed so long as that sentence does not exceed the maximum sentence authorized by the jury verdict. See United States v. Faust, 456 F.3d 1342, 1348 (11th Cir. 2006).

5

argument is made that the cocaine seized weighed less 519.2 kilograms. Because the government showed by a preponderance of the evidence that the relevant quantity of cocaine attributable to Rios was 519.2 kilograms, no clear error is shown in holding Rios accountable for that amount. See United States v. Faust, 456 F.3d 1342, 1348 (11th Cir. 2006) (post-Booker courts can continue to consider relevant acquitted conduct proved by a preponderance of the evidence).

Rios also asserts error in the district court's failure to award him a role reduction under U.S.S.G. § 3B1.2. According to Rios, a role reduction was warranted because he -- unlike co-conspirators Junior and Valdes (the CW) -- had no role in planning the drug run, he had no decision-making authority or control, he engaged in no negotiation of price or terms, and he -- unlike like co-conspirator Valdes -- did not go to Texas to pick up the drug load. And Rios argues further that the amount of cocaine seized was not indicative of his role in the enterprise.

We review a district court's determination of whether a defendant qualifies for a role reduction for clear error; and the proponent of a mitigating-role reduction always carries the burden of proving entitlement by a preponderance of the evidence. United States v. De Varon, 175 F.3d 930, 937; 939 (11th Cir. 1999). The district court expressly rejected Rios's argument: it concluded that Rios acted as "a liaison broker between the participant[s] in this scheme and

6

helped find a driver for the drug shipment from Texas." Also rejected was Rios's argument that the amount of drugs seized should not apply: that amount -- 519.2 kilograms -- had been proved by the government by a preponderance of the evidence. Rios's actual conduct and the relevant conduct for which he was held accountable were one and the same. See id. at 944 ("[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable -- not a minor role in any larger criminal conspiracy -- should the district court grant a downward adjustment for minor role in the offense"). Rios failed to carry his burden; no clear error has been shown in the district courts failure to award him a mitigation-of-offense adjustment.

Rios also challenges the reasonableness of his sentence under the section 3553(a) factors. Rios complains that the district court considered inadequately the nature and circumstances of the offense, his history and characteristics, and the need for deterrence and protection of the public; he says a lower sentence would have been adequate.

Appellate review of the substantive reasonableness of a sentence -- whether inside or outside the guidelines range -- is under an abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). This review is deferential. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Even if an appellate

court disagrees with the weight the district court afforded the section 3553(a) factors, we will reverse only if the final sentence imposed lies outside the range of reasonable sentences. See United States v. McBride, 511 F.3d 1293, 1297-98 (11th Cir. 2007).

The district court acknowledged that it had considered the section 3553(a) factors, stated that a sentence within the advisory guidelines range of 235 to 293 months was reasonable, and imposed a sentence at the low end -- 235 months -- of that range. No requirement exists that the district court mention all of the section 3553(a) factors. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). As the party challenging the reasonableness of the sentence, Rios bears the burden of establishing that the sentence imposed was unreasonable in the light of the record and the section 3553(a) factors, see Talley, 431 F.3d at 788; he fails to do so.

AFFIRMED.